**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000771
14-OCT-2013
09:06 AM**

NO. CAAP-12-0000771

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PAULINO G. AREOLA, JR., Plaintiff-Appellant, v.
CHRISTY K. AREOLA, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 07-1-3635)

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Plaintiff-Appellant Paulino G. Areola, Jr. (Plaintiff) appeals from the August 20, 2012 "Order Re: Plaintiff's Motion For Reconsideration Or Amendment, In Part, Of Order Re: Defendant's Motion And Affidavit Of Post-Decree Relief, Filed December 9, 2011, Filed June 19, 2012, Or In The Alternative, Motion For New Trial, Filed June 29, 2012" and the August 20, 2012 "Order Re: Plaintiff's Motion For Reconsideration Or Amendment, In Part, Of Order Re: Plaintiff's Motion And Affidavit Of Post-Decree Relief, Filed September 2, 2011, Filed June 19, 2012, Or In The Alternative, Motion For New Trial, Filed June 29, 2012" (August 20, 2012 Orders) both entered in the Family Court of the First Circuit[1] (family court). The family court's orders resolved Plaintiff's property disputes with Defendant-Appellee Christy K. Areola (Defendant).

Plaintiff raises two points of error on appeal. First, Plaintiff contends the family court made erroneous findings of

---

[1] The Honorable Gale L.F. Ching presided.

fact (FOFs) and conclusions of law (COLs) in regard to his compliance with a part of the August 4, 2009 "Order Re: Defendant's Motion for Post-Decree Relief Filed December 18, 2008" (August 4, 2009 Order) requiring him to sell a "work truck" and apply the proceeds to a second mortgage - a home equity line of credit (HELOC) - on the marital home. Plaintiff contends that the following FOFs and COL are erroneous:

> [FOF] 18. The parties intended for Plaintiff to pay the [HELOC] which totaled [sic] $110,832.06 at the time the marital home was sold.

> [FOF] 20. According to the August 18, 2011, Settlement Statement . . ., when the marital home was sold, the proceeds from the sale of the home were used to satisfy the $110,832.06 [HELOC]. This reduced Defendant's net proceeds from the sale of the home by $55,416.03.

> [COL] 31. Plaintiff owes Defendant $55,000 for compliance with August 4, 2009 Order.

Second, Plaintiff contends that Defendant's claim against his alleged non-compliance with the August 4, 2009 Order is waived under the doctrine of laches.

## I. BACKGROUND

On December 31, 2007, the family court entered a divorce decree dissolving the marriage of the parties.[2] Neither party appealed from the divorce decree.

Under paragraph 7 of the divorce decree, the marital home was to be "listed until sold" and Defendant would occupy the property and pay the current mortgage on the home until such time. Plaintiff would be responsible for making payments on the HELOC until the property was sold. The divorce decree further provided:

> The proceeds from the sale of the property [marital home] shall be used first to pay the mortgage and [HELOC] due and owing Countrywide Home Loans, brokerage fees and closing costs. The parties shall share equally the remaining net proceeds.

---

[2] The divorce decree (1) dissolved Plaintiff and Defendant's marriage, (2) awarded Plaintiff and Defendant joint legal and physical custody of their three children, (3) awarded Defendant monthly child support, (3) awarded no spousal support, and (4) divided and distributed their assets and debts.

The home was eventually sold in 2011 for approximately $470,000 and part of the proceeds were used to satisfy the first mortgage and then the $110,832.06 owing on the HELOC. The parties took equal shares of $70,000 from the remaining proceeds of the sale of the marital home.

On December 18, 2008, Defendant filed a Motion and Affidavit for Post-Decree Relief requesting an order that "plaintiff is responsible to pay for the equity loan of $90,000 until the home is sold. And I am entitled to the Home."

On May 8, 2009, the family court[3] held a hearing on the motion in which Defendant's counsel asked the court to divide a "work truck" as an "undivided marital asset at this time." Plaintiff's counsel responded:

> if the work truck were to be sold, my position would be that it should be used to pay down the [HELOC] because that's what the [HELOC] was used for [to finance Plaintiff's business expenses]. So to the extent that he sells the truck, he can use that payment to pay the [HELOC] while she's still there.

Defendant's counsel agreed, adding that documentation of the sale and the payment toward the HELOC should be provided within 30 days of the sale.

The May 8, 2009 transcript includes an unclear and broken passage in which the parties discussed whether a "work truck" had already been sold. Plaintiff's counsel said, "[t]here was a previous division . . . he had previously sold a tow truck and he gave her . . . five out of the [$]7,000." Defendant's counsel objected, "[t]hat motion [Defendant's December 18, 2008 motion] specifically requests that the [c]ourt address undivided marital assets, and the prior sale of the truck isn't an undivided asset." Plaintiff's counsel noted that this request "wasn't specifically pled[,]" but Plaintiff offered that he could sell "that one truck" and "use it to pay down the [HELOC]."[4]

---

[3] The Honorable Judge Paul Murakami presided.

[4] On December 11, 2007, Plaintiff filed an Asset and Debt Statement listing two vehicles valued at $4,000 and $3,800 respectively; and on February 18, 2009, Plaintiff filed an Asset and Debt Statement listing three vehicles valued at $2,500, $3,000, and $6,000 (+/-) respectively.

The family court filed its August 4, 2009 Order, memorializing the parties' agreement from the May 8, 2009 hearing. The August 4, 2009 Order states:

> Trucks: One work truck shall be sold and the proceeds shall be used to pay [the HELOC]. Plaintiff shall provide to Defendant proof of sale and proof of payment toward the [HELOC] within 30 days of sale.

On September 2, 2011 Plaintiff filed a Motion and Affidavit for Post-Decree Relief (Plaintiff Motion for Relief) and on September 26, 2011, Defendant filed her "Declaration of Respondent Christy K. Areola in Response to Motion Filed on September 2, 2011[,]" which claimed $55,000 under the August 4, 2009 Order:

> 10. While [Plaintiff] and I were married, he took a [HELOC] for approximately $110,000 on our marital residence to purchase a large tow truck for his business.
>
> 11. In the August 4, 2009 Order, [Plaintiff] was ordered to sell his truck and use the proceeds to pay the [HELOC]within 30 days of the sale of the marital home.
>
> 12. The marital home was sold on August 6, 2011 and the [HELOC] was not satisfied.
>
> 13. I am entitled to $55,000, which represents half of the home equity that was ordered to be restored in paragraph 7 of the August 4, 2009 Order.

On December 9, 2011, Defendant filed a Motion and Affidavit for Post-Decree Relief (Defendant Motion for Relief) seeking "$55,000 from the sale of a commercial vehicle" under the August 4, 2009 Order.

On February 2, 2012, Plaintiff filed a settlement conference statement, which contested Defendant's claim:

> Plaintiff owes her $55,000 from the alleged sale of a commercial vehicle pursuant to a previously filed court order dated August 4, 2009. First, there is no provision requiring Plaintiff to make any payment to Defendant. Second, Plaintiff did not sell a commercial vehicle for $55,000 or $110,000 (assuming Defendant is seeking half the proceeds). Third, Plaintiff leased a vehicle in 2009 and found someone to take over the lease. As such, Plaintiff believes there is no merit to Defendant's request.

On February 9, 2012, Defendant filed a settlement conference statement, which asserted:

> At a May 8, 2009 hearing on Defendant's Motion for Post Decree Relief, it was determined that Plaintiff used a

[HELOC] on the marital home to purchase a commercial vehicle for his business. . . . It appears that Plaintiff is going to argue that he did not own a work truck at the time the August 4, 2009 Order was entered. Such an argument should be deemed waived. If no work truck was owned at the time of the hearing, he should have raised that defense at the hearing.

On February 16, 2012, the family court's "Pretrial Order No. 2" listed "[Plaintiff] ordered to sell one work truck and apply proceeds to [the HELOC]" as an issue in dispute. The family court's "Order Re: Motion and Affidavit for Post Decree Relief," filed on November 9, 2011, set a trial for March 5, 2012, during which it would consider issues that included "enforcement of prior order re: former marital residence[.]"

On March 5, 2012, Defendant filed a trial memorandum in which she contended:

> Paragraph 7 of the August 4, 2009 Order, states: 'One work truck shall be sold and the proceeds shall be used to pay [the HELOC]. Plaintiff shall provide to Defendant proof of sale and proof of payment toward the [HELOC] within 30 days of sale.'
>
> According to the August 18, 2011, Settlement Statement, the proceeds from the sale of the house were used to pay the $110,832.06 [HELOC]. Plaintiff owes Defendant something, maybe as much as $55,416.03 for her half of the net proceeds that were improperly reduced by the [HELOC]. Plaintiff shared only one significant marital asset with Defendant at the time of divorce and he is now attempting to diminish her share of that one asset. Defendant respectfully requests this Court order Plaintiff to pay Defendant for her half of the equity in the marital property that was improperly reduced by the [HELOC].

During this hearing, the circuit court considered both Defendant's Motion for Relief and Plaintiff's Motion for Relief. The parties also discussed the August 4, 2009 Order requiring Plaintiff to sell a work truck and apply the balance to the HELOC. Defendant's counsel stated the August 4, 2009 Order modified the divorce decree's division of property such that "one work truck . . . should be sold [and] is to be used to pay the [HELOC] while [D]efendant is still [living in the home.]" Defendant's counsel continued, "We're trying to determine a value on that claim." Plaintiff responded, "I did sell my truck."

Plaintiff stated that when his "business went downhill" he used HELOC monies for living expenses and to make payments on a tow truck leased for his business. Plaintiff asserted that his

5

"big truck" was a leased vehicle and he had sold another "work truck" for $7,500, of which he gave the Defendant $5,000 to pay towards the HELOC.[5] Plaintiff stated he did not (1) document the cash sale of the truck; (2) know the date of the sale, which "probably" occurred in 2007, early 2008, or 2009; and (3) apply $2,500 from the truck sale to the HELOC "'cause I needed the money to pay my own bills."

On direct examination, Defendant stated:

> I thought it [the agreement to sell one work truck and apply the proceeds to the HELOC] was that -- the big tow truck they were talking about, referring to, the one he kept saying that he used the money for. So if he were to sell that truck, he could have gotten at least seventy or eighty thousand dollars out of it. And I thought that was the truck that was going to go towards the [HELOC]. But nothing came out of it.

On April 9, 2012, Plaintiff filed his closing argument, which stated:

> [Plaintiff] is in compliance with the August 4, 2009 Order because he sold a work truck. Actually, he disposed of two (2) trucks - one was sold for cash ($7,000) and the other . . . was transferred to someone else who took over the lease. [Plaintiff] testified when he sold the truck he gave [Defendant] $5,000 and he kept the remaining $2,000.

On June 19, 2012, the family court granted Defendant's request for "$55,000 From Sale of Commercial Vehicle . . . [in] compliance with [the] August 4, 2009 [O]rder."

On June 29, 2012, Plaintiff filed two motions, both entitled, "Motion For Reconsideration Or Amendment, In Part, Of Order Re: Defendant's Motion And Affidavit Of Post-Decree Relief,

---

[5] Whether Plaintiff delivered $5,000 to Defendant is factually disputed. Defendant contends that she did not receive $5,000 from Plaintiff. At trial on March 23, 2012, Plaintiff's counsel questioned Defendant about an insurance claim for the theft of $5,000 from her home in 2009 and asked whether the $5,000 came from Plaintiff. The conflicting facts pose a question that lies outside of the scope of this Court's review. See Onaka v. Onaka, 112 Hawai'i 374, 384, 146 P.3d 89, 99 (2006) ("[W]e cannot say that the family court's crediting of [the doctor's] testimony was an abuse of discretion inasmuch as it is axiomatic that reconciling conflicting testimony is beyond the scope of appellate review.").

Filed December 9, 2011 Filed June 19, 2012, Or In The Alternative, Motion For New Trial" (June 29, 2012 Motions)

On July 13, 2012, Defendant filed a motion for attorneys' fees and costs pursuant to Hawaiʻi Family Court Rules (HFCR) Rule 68.[6] This motion was still pending family court review as of March 23, 2013.

On August 20, 2012, the family court issued the orders under review in this appeal, one of which denied in part Plaintiff's June 29, 2012 Motion requesting for "Modification of $55,000 From Sale of Commercial Vehicle."

On September 6, 2012, Plaintiff filed a notice of appeal. On December 12, 2012, the family court issued "Defendant Christy Areola's Findings Of Fact And Conclusions Of Law, And Order" (December 12, 2012 FOFs/COLs and Order).

## II. STANDARD OF REVIEW

### Family Court - Findings of Fact

[A] trial court's FOFs are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed.

[A] FOF is also clearly erroneous when the record lacks substantial evidence to support the finding. We have defined substantial evidence as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

---

[6] In relevant part, HFCR Rule 68 states:

Rule 68.     OFFER OF SETTLEMENT.

At any time more than 20 days before any contested hearing held pursuant to [Hawaii Revised Statutes (HRS)] sections 571-11 to 14 (excluding law violations, criminal matters, and child protection matters) is scheduled to begin, any party may serve upon the adverse party an offer to allow a judgment to be entered to the effect specified in the offer. . . . If the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer, unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580-47 or other applicable statutes, as amended.

*Inoue v. Inoue*, 118 Hawaiʻi 86, 92-93, 185 P.3d 834, 840-41 (App. 2008), *cert. rejected*, 118 Hawaiʻi 194, 186 P.3d 629 (2008) (internal quotation marks, citations and brackets omitted).

### Family Court - Conclusions of Law

> A COL is not binding upon an appellate court and is freely reviewable for its correctness. [An appellate] court ordinarily reviews COLs under the right/wrong standard. Thus, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned. However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.

*Chun v. Bd. of Trs. of Employees' Ret. Sys. of the State of Hawaiʻi*, 106 Hawaiʻi 416, 430, 106 P.3d 339, 353 (2005) (internal quotation marks, citations, and brackets in original omitted) (quoting *Allstate Ins. Co. v. Ponce*, 105 Hawaiʻi 445, 453, 99 P.3d 96, 104 (2004)).

### Motion for Reconsideration

> The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding. We review a trial court's ruling on a motion for reconsideration under the abuse of discretion standard. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

*Tagupa v. Tagupa*, 108 Hawaiʻi 459, 465, 121 P.3d 924, 930 (App. 2005) (internal quotation marks, citations, ellipsis, and brackets omitted).

### III.  DISCUSSION

#### A.  Jurisdiction

Defendant contends this court lacks jurisdiction because the family court's August 20, 2012 Orders are not final and appealable insofar as: (1) Plaintiff's Notice of Appeal was filed prematurely, before the family court entered its December 12, 2012 FOFs/COLs and Order, and he did not timely file an Amended Notice of Appeal; (2) the Defendant's HFCR Rule 68 Motion is still pending before the family court; and (3) the August 20, 2012 Order left the issue of child support unresolved. *Id.*

The family court's December 12, 2012 FOFs/COLs and Order does not render Plaintiff's Notice of Appeal premature. Nor does Defendant point to any authority that renders Plaintiff's appeal defective for having failed to file an Amended Notice of Appeal after the December 12, 2012 FOFs/COLs and Order.

HFCR Rule 52(a) provides in part:

> Rule 52.    FINDINGS BY THE COURT.
>
> (a) Effect. . . . the court may find the facts and state its conclusions of law thereon or may announce or write and file its decision and direct the entry of the appropriate judgment; except upon notice of appeal filed with the court, the court shall enter its findings of fact and conclusions of law where none have been entered[.]

HFCR Rule 52 did not require the family court to enter FOFs and COLs until Plaintiff filed his notice of appeal and did not require entry of those FOFs and COLs prior to entry of its August 20, 2012 Orders in any case. Id. As this court has earlier explained:

> It is expected that the [FOFs and COLs] will bolster the earlier written orders and decrees of the court for purposes of withstanding appellate review. To the extent that there are any material differences between the family court's oral decisions and orders and its subsequent written orders and decrees, a court's oral decisions and orders are not final orders and decrees.

Mark v. Mark, 9 Haw. App. 184, 193, 828 P.2d 1291, 1296 (1992) (citing Naki v. Hawaiian Elec. Co., Ltd., 50 Haw. 85, 431 P.2d 943 (1967)).

Plaintiff appeals from a series of five post-judgment orders that adjudicated all of the issues in Plaintiff's Motion for Relief and Defendant's Motion for Relief.[7]  "A post-judgment

---

[7]  The family court adjudicated Plaintiff's Motion for Relief and Defendant's Motion for Relief through the following five orders:

(1) a June 19, 2012 order granting in part and denying in part Plaintiff's Motion for Relief;

(2) a June 19, 2012 order granting in part and denying in part Defendant's Motion for Relief;

(3) an August 20, 2012 order granting in part and denying in part Plaintiff's June 29, 2012 Hawaiʻi Rules of Civil Procedure (HRCP) Rule 59 motion for reconsideration of the June 19, 2012 order granting in part and denying in part Plaintiff's Motion for Relief, which noted that the family

order is an appealable final order under HRS § 641-1(a) if the order finally determines the post-judgment proceeding." Hall v. Hall, 96 Hawaiʻi 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001), aff'd in part, vacated in part, 95 Hawaiʻi 318, 22 P.3d 965 (2001). Plaintiff timely appealed from the family court's August 20, 2012 Orders and therefore this court has jurisdiction over his appeal.

Defendant also argues that this court lacks jurisdiction because her HFCR Rule 68 motion for attorneys' fees and costs is pending before the family court. Defendant seeks support for her contention by noting the family court is not divested of its jurisdiction to hear her HFCR Rule 68 Motion under Cox v. Cox, 125 Hawaiʻi 19, 250 P.3d 775 (2011), reconsideration denied, 125 Hawaiʻi 38, 251 P.3d 601 (2011). Neither Hawaiʻi Rules of Appellate Procedure Rule 4(a)(3) nor Cox support Defendant's contention that this court is divested of jurisdiction because her HFCR Rule 68 motion is pending before the family court. Cox does not stand for the proposition that this court is deprived of jurisdiction by Defendant's timely HFCR Rule 68 motion, but rather that the family court is divested of jurisdiction to hear her motion. Cox, 125 Hawaiʻi at 29, 250 P.3d at 785.

Because we conclude this court has jurisdiction over this appeal, we do not address the parties' arguments concerning the collateral order doctrine and the Forgay doctrine.

B.     The Family Court's FOFs and COLs

On December 12, 2012, the family court entered the FOFs/COLs and Order based on its August 20, 2012 Order denying

court had not yet adjudicated a pending ruling regarding the exact amount of a child support award;

(4) an August 20, 2012 order granting in part and denying in part Plaintiff's June 29, 2012 HRCP Rule 59 motion for reconsideration of the June 19, 2012 order granting in part and denying in part Defendant's Motion for Relief, which noted that the family court had not yet adjudicated a pending ruling regarding the exact amount of a child support; and

(5) a September 10, 2012 order adjudicating the exact amount of a child support award.

Plaintiff's June 29, 2012 motions for reconsideration. Plaintiff contends that the following FOFs and COL are clearly erroneous:

> [FOF] 18. The parties intended for Plaintiff to pay the [HELOC] which totaled [sic] $110,832.06 at the time the marital home was sold.
>
> [FOF] 20. According to the August 18, 2011, Settlement Statement . . ., when the marital home was sold, the proceeds from the sale of the home were used to satisfy the $110,832.06 [HELOC]. This reduced Defendant's net proceeds from the sale of the home by $55,416.03.
>
> [COL] 31. Plaintiff owes Defendant $55,000 for compliance with August 4, 2009 Order.

The family court's FOFs 18 and 20 are clearly erroneous because the record lacks substantial evidence that Plaintiff is responsible for paying the entirety of the HELOC. Inoue, 118 Hawai'i at 92, 185 P.3d at 840. COL 31 is wrong because the August 4, 2009 Order does not state that Plaintiff owes Defendant $55,000. See Chun, 106 Hawai'i at 430, 106 P.3d at 353. The family court thus abused its discretion in issuing its August 20, 2012 Order denying Plaintiff's motions for reconsideration. Tagupa, 108 Hawai'i at 465, 121 P.3d at 930.

The erroneous proposition that Plaintiff owes Defendant $55,000 first arose at the May 8, 2009 hearing, when Defendant mistakenly assumed that Plaintiff owned a tow truck that was actually a leased vehicle and requested that the "work truck" be divided equally as a marital asset. Defendant confirmed her mistaken assumption at the March 5, 2012 trial:

> I thought it [the agreement to sell one work truck and apply the proceeds to the HELOC] was that -- the big tow truck they were talking about, referring to, the one he kept saying that he used the money for. So if he were to sell that truck, he could have gotten at least seventy or eighty thousand dollars out of it. And I thought that was the truck that was going to go towards the [HELOC]. But nothing came out of it.

On May 8, 2009, Plaintiff appeared to believe that Defendant was referring to his recent sale of a work truck for $7,000 or $7,500. Plaintiff and Defendant agreed that he should sell a "work truck" and to use the funds to pay for the HELOC. Plaintiff contends he agreed to sell the "work truck" in

consideration of withdrawals he made from the HELOC in November and December 2007 to satisfy delinquent truck lease payments.

The August 4, 2009 Order memorialized this agreement:

> Trucks: One work truck shall be sold and the proceeds shall be used to pay [HELOC]. Plaintiff shall provide to Defendant proof of sale and proof of payment toward the [HELOC] within 30 days of sale.

The August 4, 2009 Order did not otherwise amend the property division arrangements set out in the December 31, 2007 divorce decree, which specified that (1) Plaintiff is responsible for HELOC payments; and (2) proceeds from the sale of the home would be used to pay the mortgage and then the HELOC.

Plaintiff's June 29, 2012 Motions asked the family court to reconsider its grant of "Defendant's Request for $55,000 from sale of Commercial Vehicle" and sought to clarify the basis for the $55,000 figure.

> Defendant's counsel misleads the [family court] by basing her valuation of the work truck on one-half of the proceeds from the sale of the house, $110,832.06, that was used to pay the [HELOC].
>
> . . . .
>
> (d) Although neither party complied completely with the terms of the August 4, 2009 Order, Defendant's counsel is not justified in creating the value of one work truck based upon one-half of the proceeds from the sale of the house. Plaintiff testified the only work truck he had had NO value as it was a leased vehicle.

The family court clearly erred by assigning a value of $55,000 to the work truck for the purpose of enforcing the August 4, 2009 Order without sufficient credible evidence to support the conclusion that the entire HELOC was attributable to the cost of the work truck. Rather, the credible evidence shows the parties were jointly liable for both mortgages and the work truck was worth between $7,000 - $7,500. Further, the record contains no evidence that Plaintiff owned a commercial vehicle valued at $55,000.

Plaintiff admits he failed to comply with the August 4, 2009 Order insofar as he did not (1) provide a proof of sale and proof of payment toward the HELOC within 30 days of sale; and (2)

apply the entirety of the proceeds from his $7,000 - 7,500 truck to the HELOC. Plaintiff states he "neglected to get a receipt from Defendant when he paid her $5,000 cash" and "agrees that Defendant is entitled to $1,000 to $1,250, [because] the amount of funds her share of the home sale would have increased had Plaintiff not keep [sic] the $2,000 to $2,500 to pay his bills." Insofar as Plaintiff raised a factual dispute about whether he remitted $5,000 to Defendant, his claims are outside of the scope this court's appellate jurisdiction. See supra fn. 6 at 7; State v. Mitchell, 94 Hawaiʻi 388, 393, 15 P.3d 314, 319 (App. 2000) (An "appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence.").

This court need not address this peripheral factual dispute in order to conclude that COL 31 is wrong. COL 31 is wrong because it concludes that Plaintiff must pay $55,000 to come into compliance with the August 4, 2009 Order. The correct conclusion is that compliance with the August 4, 2009 Order requires Plaintiff to: (1) obtain documentation of the sale of his truck or payment to the HELOC; and (2) apply the entirety of the $7,000 - $7,500 to the HELOC.

### C.   Plaintiff's laches claim

Because we determine the family court's FOFs/COLs and Order erroneously interpreted the August 4, 2009 Order and substantial evidence on record, we do not reach Plaintiff's claim that the doctrine of laches prevents Defendant from asserting Plaintiff's noncompliance with the August 4, 2009 Order.

### IV.   CONCLUSION

We vacate the August 20, 2012 "Order Re: Plaintiff's Motion For Reconsideration Or Amendment, In Part, Of Order Re: Defendant's Motion And Affidavit Of Post-Decree Relief, Filed December 9, 2011, Filed June 19, 2012, Or In The Alternative, Motion For New Trial, Filed June 29, 2012" and the August 20, 2012 "Order Re: Plaintiff's Motion For Reconsideration Or Amendment, In Part, Of Order Re: Plaintiff's Motion And Affidavit Of Post-Decree Relief, Filed September 2, 2011, Filed June 19,

2012, Or In The Alternative, Motion For New Trial, Filed June 29, 2012" both entered in the Family Court of the First Circuit.

DATED:    Honolulu, Hawai'i, October 14, 2013.

On the briefs:

Dyan K. Mitsuyama
Alethea Kyoko Rebman
(Mitsuyama & Rebman)
for Plaintiff-Appellant.

Lauren U. Van Buren
Derek R. Kobayashi
(Schlack Ito)
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge